JOHN P. SHONING V. WILLIAM COBURN, SHERIFF.

FILED JANUARY 17, 1893.    No. 4830.

1. **Action on Replevin Bond:** PLEADING.    *Held*, That the petition states a cause of action, and that the new matter in the answer was not material.

2. **Waiver of Jury Trial:** OBJECTIONS: REVIEW.    Where objection is made that the record fails to show that a jury was waived and the cause tried to the court, it must appear that the objection was made and overruled in the trial court.    It is unavailing if made for the first time in the supreme court.

ERROR from the district court of Douglas county.    Tried below before HOPEWELL, J.

*Saunders & Macfarland*, for plaintiff in error.

*John T. Cathers*, *contra*.

MAXWELL, CH. J.

This action was brought upon an undertaking by the defendant in error against the plaintiff in error to recover thereon, and on a trial of the cause the court rendered judgment in favor of defendant in error for the amount claimed.    There is no bill of exceptions and the cause is submitted on the pleadings.    It is claimed on behalf of the plaintiff in error that the petition fails to state a cause of action.    First, because the plaintiff's interest does not appear affirmatively, and second, because it does not appear that a return of the property cannot be had.    The petition is as follows:

"The plaintiff complains of the defendant for that on the —— day of August, A. D. 1888, Charles W. Mount commenced an action of replevin in Justice Gustave Anderson's court, a justice of the peace of Omaha in and for

Douglas county, Nebraska, against the plaintiff, as sheriff, and took from plaintiff, on a writ of replevin, certain specific personal property, which the plaintiff had levied upon by virtue of an execution issued to him as sheriff out of the county court of Douglas county, Nebraska, against said Charles W. Mount.

"2. On the trial of said cause in said justice court, on the ——— day of August, A. D. 1888, the justice found that the right of property and the right of possession was in (this) plaintiff, and that the value of said property was $200, and judgment was rendered against said Charles W. Mount, that (this) plaintiff have a return of said property, or the value thereof.

"3. The said Charles W. Mount did not return said property, but appealed said case to the district court of Douglas county, and did make an undertaking to this plaintiff in the sum of $420, on the 18th day of August, 1888, of which the following is a copy:

"'STATE OF NEBRASKA, ⎫
    DOUGLAS COUNTY.    ⎬ ss.

"'The State of Nebraska.    In Justice Court.    Before G. Anderson, a Justice of the Peace for 4th Precinct of Douglas County, Nebraska.

"'CHARLES W. MOUNT            ⎫
        vs.                                    ⎬
WILLIAM COBURN, SHERIFF. ⎭

"'Whereas on the 13th day of August, 1888, William Coburn, sheriff, recovered a judgment against Charles W. Mount before Gustave Anderson, a justice of the peace, for the sum of $200, and costs of suit, taxed at $———, and the said defendant intends to appeal said cause to the district court of Douglas county:

"'Now, therefore, I, John P. Shoning, do promise and undertake to the said William Coburn, sheriff, in the sum of $420, that the said Charles W. Mount shall prosecute his appeal to effect, and without unnecessary delay, and

that said appellant, if judgment be adjudged against him on the appeal, will satisfy such judgment and costs.

"'John P. Shoning.

"'Executed in my presence and surety approved by me, this 18th day of August, 1888.

"'Gustave Anderson,
"'*Justice of the Peace.*'

"A transcript from said justice court was filed in the district court of Douglas county on or about August 20, A. D. 1888, as will be seen by reference to docket 10, page 6, of the records of said court.

"4. On the trial of said cause in said court on the 27th day of June, 1889, the right of property and the right of possession of said property was found to be in the defendant (William Coburn, sheriff,) at the commencement of said action, and that the value of said property was $200, and the interest on the same was $10.40. Whereupon judgment was rendered up against the plaintiff (Charles W. Mount) that the defendant have a return of said property, or the value thereof, $200, and interest, $10.40.

"5. Said Charles W. Mount had not returned nor offered to return said property.

"6. On the 30th day of December, A. D. 1889, an execution was issued to the sheriff of Douglas county on said judgment against Charles W. Mount, and returned wholly unsatisfied on the 8th day of January, 1890.

"On the 9th day of January, 1890, an alias execution was issued against said Charles W. Mount on said judgment, and returned on the 5th day of February, 1890, wholly unsatisfied.

"7. On or about the 12th day of November, 1889, John P. Shoning defendant, paid $100 on said judgment.

"8. The plaintiff has sustained damages in the premises in the sum of $142.08.

"9. The plaintiff therefore prays judgment against the defendant for the sum of $142.08, with interest on $210.40

from the 13th day of May, 1889, to the 12th day of November, 1889, and on $110.40 from the 12th day of November, 1889, and costs of this suit."

It is also claimed that it does not appear that the plaintiff below has exhausted his remedy at law as required by section 196 of the Code. In our view, the petition states a cause of action. It appears that the undertaking was given to the defendant in error; that the judgment of the justice was affirmed by the district court; that the property has not been returned and that executions have been issued against Mount and returned unsatisfied. If the plaintiff in error has returned or offered to return the property that is a matter of defense to which he is entitled, but it is sufficient on that point to allege in the petition that the property has not been returned. It is alleged in the answer that one J. F. Boyd is sheriff, and not the defendant in error, and that is not denied in the reply. We are unable to see any force in this objection. While the defendant in error is designated as sheriff, there is nothing to show that this is not a personal matter. The objection that his interest does not appear, is therefore unavailing. There is also an objection that the case was tried to the court, and it does not appear that a jury was waived. It is a sufficient answer to say that no objection appears to have been made on that ground in the court below and it cannot be made for the first time in this court.

On behalf of the defendant in error it is contended that where a jury is waived and the cause tried to the court that the judgment cannot be reviewed. This, however, is a mistake when applied to the district court, but in an action at law a motion for a new trial assigning the alleged errors arising on the trial must be filed and overruled before such rulings can be reviewed. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.